1  Jack P. Burden, Esq.
   Nevada State Bar No. 6918
2  **BACKUS, CARRANZA & BURDEN**
   3050 South Durango Drive
3  Las Vegas, NV 89117
   (702) 872-5555
4  (702) 872-5545
   jburden@backuslaw.com
5
   Attorneys for Defendant,
6  *Albertson's LLC*

7
                    **UNITED STATES DISTRICT COURT**
8
                         **DISTRICT OF NEVADA**
9

10  DONNA HOLMSTROM,                          )
                                             )  **Case No.**
11               Plaintiff,                   )
                                             )
12       vs.                                  )
                                             )
13  ALBERTSON'S LLC, a foreign limited liability   )
    company; NEW ALBERTSON'S, INC., a foreign )
14  corporation; ALBERTSON'S HOLDINGS, LLC,   )
    a foreign limited liability company; and DOES I- )
15  X; and ROE CORPORATIONS I-XX, inclusive,  )
                                             )
16               Defendants.                  )

17
                       **NOTICE OF REMOVAL**
18
        Defendants, Albertson's LLC ("*Defendant*"), by and through its counsel of record, Jack P.
19
    Burden, Esq., of BACKUS, CARRANZA & BURDEN, notices the removal of this action to the United
20
    States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,
21
    and in support thereof, states as follows:
22
    . . .
23
    . . .
24
    . . .
25

# I.
## FACTUAL AND PROCEDURAL HISTORY

1.      Plaintiff, Donna Holmstrom ("*Plaintiff*"), is and was a resident of the State of Nevada, and is therefore a citizen of Nevada for purposes of diversity.

2.      Defendant, Albertson's LLC ("*Defendant*"), is a citizen of the State of Delaware, and is therefore a citizen of Delaware for purposes of diversity.

3.      Defendants New Albertson, Inc, and Albertson's Holdingm LLC at the time of commencement of this action were citizens of Ohio and Idaho respectively.  Both entities have since been dismissed from this action without prejudice.

4.      Plaintiff filed her Complaint in Clark County District Court on August 27, 2014.

5.      The Summons and Complaint were served upon Defendant Albertson's LLC, on or about September 5, 2014.  A copy of the Complaint is attached to the Notice of  Removal hereto as Exhibit "A", and a copy of the Summons served upon Defendant is attached hereto as Exhibit "B", pursuant to 28 U.S.C. § 1446(a).

6.      On or about September 18, 2014, Defendant filed its Answer in Clark County District Court with said filing attached hereto as Exhibit "C", pursuant to 28 U.S.C. § 1446(a).

7.      Plaintiff's action alleges that on or about September 8, 2012, Plaintiff was a patron at the Albertson's store located at 8410 Farm Road in Las Vegas, Nevada.  Plaintiff alleges that she slipped and fell as a result of a hazard on the floor of the store, thereby causing her to suffer injuries. *See* Plaintiff's Complaint, attached hereto as Exhibit A, at page 3, ¶ 7.

8.      Plaintiff has brought a negligence action against the movant. *See* Plaintiff's Complaint, attached hereto as Exhibit "A."

9.      Plaintiff is currently claiming $**42,569.00** in medical specials. *See* Plaintiff's January 16, 2014, correspondence attached as Exhibit "D."  As a result of the alleged slip and fall, Plaintiff is claiming she tore her medial meniscus in the right knee.   She is also seeking an

unspecified amount relating to her loss of income.  *See* Exhibit "A" page 6.

10.     Plaintiff seeks special, general and compensatory damages, in addition to attorney's fees. *See* Plaintiff's Complaint, attached hereto as Exhibit "A."

## II.
## DIVERSITY JURISDICTION

11.     Pursuant to 28 U.S.C. 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between is between "citizens of different states." *See* 28 § U.S.C. 1332(a).

12.     Pursuant to 28 U.S.C. § 1332(a), this case may be removed to United State District Court for the District of Nevada because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

13.     There is complete diversity in this matter as Plaintiff is a Nevada citizen and Defendant is a citizen of Delaware.  Therefore, complete diversity exists.

14.     Plaintiff is seeking an amount in excess of $10,000 for general and compensatory damages. *See* Exhibit "A" at page 6.  Moreover, Plaintiff is alleging that she has incurred to date, $42,569.00 in special damages. *See* Exhibit "D."    Said amount does not include her claim for loss of income. *See* Exhibit "A" at page 6.

15.     In this instant matter, it is more likely than not that the amount in controversy will exceed $75,000 even though Plaintiff does not express an exact amount of damages in the Complaint.  The preponderance of the evidence demonstrates that the amount in controversy can be easily reached based on the claimed special damages to date of **$42,569.00**.  Said amount does not factor in Plaintiff's claim for loss of income, pain and suffering, permanency of injury and attorneys fees.

16.     Therefore, it is wholly reasonable that the factor addressed above meets the

1    requisite amount in controversy under 28 U.S.C. § 1332(a).

2          17.    As a result, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

3          18.    Defendant, Albertson's LLC, respectfully requests this matter be removed to the

4    United States District Court for the District of Nevada.

5    <div align="center">

**III.**
**THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**
</div>

6

7          19.    28 USC § 1446(b)(3) states: "Except as provided in subsection (c), if the case

8    stated by the initial pleading is not removable, a notice of removal may be filed within thirty days

9    after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

10   motion, order or other paper from which it may first be ascertained that the case is one which is or

11   has become removable."

12         20.    This instant Notice for Removal is timely in that it is filed within 30 days of the

13   September 5, 2014, date of service of the Summons and Complaint upon Defendant." *See* 28 USC

14   §1446(b)(3).

15         21.    In addition, 28 USC § 1446(c)(2)(A)(ii) provides for removal on the basis of

16   diversity jurisdiction when, as in Nevada, "the State practice either does not permit demand for a

17   specific sum or permits recovery of damages in excess of the amount demanded." *See* 28 USC §

18   1446(c)(2)(A)(ii).

19         22.    This Court has original jurisdiction over the subject matter of this action, pursuant

20   to 28 USC § 1332, as there is complete diversity between the parties and there is more than

21   $75,000 in controversy, exclusive of interest and costs.

22         23.    Pursuant to the 28 U.S.C. § 1441, this action is one which may be removed to this

23   Court.

24         24.    Pursuant to 28 USC § 1446(c)(1), the date for this removal is not more than one

25   year after the August 27, 2014 commencement of the state court action.

<div align="center">4</div>

25.     Pursuant to 28 USC § 1446(b)(2)(A), as there is but one (1) Defendant to this matter, no other defendant is required to join in and consent to the to the removal of this action.

26.     A true and correct copy of this Notice of Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

27.     Therefore, pursuant to 28 USC §§§ 1332, 1441, and 1446, Defendant, Albertson's LLC, is entitled to remove this action to this Court.

<div align="center">**PRAYER**</div>

28.     WHEREFORE, Defendant, Albertson's LLC, prays that the above entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada.

DATED this $3$ day of October , 2014.

Respectfully Submitted,
BACKUS, CARRANZA & BURDEN

By: _____

Jack P. Burden, Esq.
3050 South Durango Drive
Las Vegas, NV 89117
Attorneys for Defendant *Albertson's LLC*

**CERTIFICATE OF SERVICE**

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117.

On _____*October 3*_____, 2014, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**BY ELECTRONIC MEANS:** by electronically filing and serving with the court's vendor.

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| David J. Martin, Esq.<br>HENNESS & HAIGHT<br>8972 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>Tel: 702/862-8200<br>Fax: 702/862-8204<br>david@hennessandhaight.com | Plaintiff | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☒ Mail service<br>☐ Electronic Means |

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
An employee of BACKUS, CARRANZA & BURDEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT A

Electronically Filed
08/27/2014 04:15:31 PM

CLERK OF THE COURT

1  **COMP**
DAVID J. MARTIN, ESQ.
2  Nevada Bar No. 9117
HENNESS & HAIGHT
3  8972 Spanish Ridge Avenue
4  Las Vegas, Nevada 89148
(702) 862-8200
5  Attorney for Plaintiff

6
**DISTRICT COURT**
7
**CLARK COUNTY, NEVADA**
8

9  DONNA HOLMSTROM,

10              Plaintiff,
                                            Case No.: A- 1 4 - 7 0 6 2 3 3 - C
11  vs.
                                            Dept. No.:  V I I I
12  ALBERTSON'S LLC, a foreign limited
liability company; NEW ALBERTSON'S, INC.,
13  a foreign corporation; ALBERTSON'S
HOLDINGS, LLC, a foreign limited liability
14  Company; and DOES I-X; and ROE
CORPORATIONS I-XX, inclusive,
15
16              Defendants.

17                          **COMPLAINT**

18          COMES NOW Plaintiff, DONNA HOLMSTROM, by and through her attorney, DAVID J.

19  MARTIN, ESQ., of HENNESS & HAIGHT, Injury Attorneys, and for her causes of action against

20
    Defendants, and each of them, alleges as follows:
21
22          1.      That at all times relevant to these proceedings, Plaintiff, DONNA HOLMSTROM,

23  was and is a resident of the County of Clark, State of Nevada.

24          2       That at all times relevant to these proceedings and upon information and belief,

25  Defendant, ALBERTSON'S LLC ("Defendant Albertson's"), was and is a Delaware limited
26
    liability company organized and existing pursuant to the laws of the State of Delaware and
27
28  authorized to do and doing business in the County of Clark, State of Nevada.

1

3.     That at all times relevant to these proceedings and upon information and belief, Defendant, NEW ALBERTSON'S, INC. ("Defendant New Albertson's"), was and is an Ohio company organized and existing pursuant to the laws of the State of Ohio and authorized to do and doing business in the County of Clark, State of Nevada.

4.     That at all times relevant to these proceedings and upon information and belief, Defendant, ALBERTSON'S HOLDINGS, LLC ("Defendant Albertson's Holdings"), was and is a Delaware limited liability company organized and existing pursuant to the laws of the State of Delaware and authorized to do and doing business in the County of Clark, State of Nevada.

5.     That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOES I through X are unknown to Plaintiff who therefore, sues said Defendants by said fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to, specifically for creating and/or allowing a hazardous condition to exist on the floor of Defendant's premises, caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of DOES I through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

6.     The true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as ROE CORPORATIONS 1 through X are unknown to Plaintiff who therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as ROE CORPORATIONS either negligently maintained and/or inspected a shelving unit on the Defendant's store's premises, and are

1 thus or in some other way responsible in some manner for the events and happenings referred to,

2 and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this

3 Court to amend his Complaint to insert the true names and capacities of ROE CORPORATIONS I

4 through X when the same have been ascertained and to join such Defendants in this action. At all

5

6 times mentioned herein, each Defendant was acting as the agent, servant, and employee of each

7 other Defendant.

8          7.      That on or about September 8, 2012, while Plaintiff was a guest at the premises of

9 Defendant ALBERTSONS's store (the "store") located at 8410 Farm Rd., in Las Vegas, Nevada,

10 Defendant so carelessly and negligently created, owned, controlled, inspected, and maintained the

11 premises in an unstable and dangerous condition so as to allow a hazardous condition to exist on the

12

13 floor of the store which caused Plaintiff to slip, and as a proximate result thereof, Plaintiff was

14 injured.

15          8.      That as a direct and proximate result of Defendants' and their employee/agent's

16 negligent acts and/or omissions and breach of duty, Plaintiff sustained severe and debilitating

17

18 injuries to her right knee.

19          9.      That as a further direct and proximate result of the negligence of Defendants, and each

20 of them, Plaintiff was required and will be required in the future to incur expenses for medical care

21 and treatment and costs incidental thereto.

22          10.     That as a further direct proximate result of the aforesaid negligence of Defendants, and

23 each of them, Plaintiff has incurred substantial out-of-pocket expenses including, but not limited to,

24

25 money spent for prescriptions, medication, and uncovered medical expenses.

26          11.     That as a further direct proximate result of the aforesaid negligence of Defendants, and

27 each of them, Plaintiff has lost work, wages, profit and other compensation. Moreover, Plaintiff's

28

1  current and future ability to earn a living has been impaired by her physical limitation.

2
   12.   That as a further direct proximate result of the aforesaid negligence of Defendants, and
3
   each of them, Plaintiff has endured physical and emotional pain and suffering.  It is further expected
4
   that Plaintiff will be forced to endure future physical and emotional pain associated with her
5
6  continued medical treatment, recuperation, physical therapy and limitations associated with her

7  injuries into the foreseeable future.

8
   13.   That as a further direct proximate result of the aforesaid negligence of Defendants, and
9
   each of them, Plaintiff continues to suffer and will be forced to suffer in the future a significant
10
11 deterioration in her enjoyment of life and lifestyle.

12
   14.   That as a further direct and proximate result of other aforesaid negligence of
13 Defendants, and each of them, Plaintiff has incurred damages well in excess of Ten Thousand

14 Dollars ($10,000).

15
   15.   That Plaintiff has further been forced to retain the services of an attorney to
16
17 prosecute her action and is entitled to reasonable attorneys' fees and costs of suit incurred herein, as

18 well as prejudgment interest.

19    WHEREFORE, Plaintiff expressly reserving the right to amend her Complaint at the time of

20 trial of the actions herein to include all items of damages not yet ascertained, demands judgment

21 against Defendants, and each of them, as follows:

22
   1.   General damages in the an amount in excess of $10,000;
23
   2.   Damages for costs of medical care and treatment and costs incidental thereto, when
24
25       the same have been fully ascertained;

26
   3.   Damages for loss of earnings and future earning capacity when the same have
27
       been fully ascertained;
28

4

4.      Reasonable attorneys' fees and costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem proper in the premises.

DATED ther ___21___ day of August, 2014.

HENNESS & HAIGHT

By: _____
        DAVID J. MARTIN, ESQ.,
        Nevada Bar No. 9117
        8972 Spanish Ridge Avenue
        Las Vegas, NV  89148
        Attorneys for Plaintiff
        (702) 862-8200

5

EXHIBIT   B

 CT Corporation

**Service of Process Transmittal**
09/05/2014
CT Log Number 525646263

**TO:** Donna Shavers
Albertson's LLC
Albertson's Risk Management Department, 503 E. Altamonte Drive
Altamonte Springs, FL 32701

**RE:** **Process Served in Nevada**

**FOR:** Albertson's LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Donna Holmstrom, Pltf. vs. Albertson's LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A14706233C |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - Albertson's Store - 8410 Farm Rd., Las Vegas, NV - Slip - September 8, 2012 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/05/2014 at 10:17 |
| **JURISDICTION SERVED :** | Nevada |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | David J. Martin<br>Henness & Haight<br>8972 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>702-862-8200 |
| **REMARKS:** | The documents received have been modified to reflect the name of the entity being served. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/08/2014, Expected Purge Date: 09/13/2014<br>Image SOP<br>Email Notification, Donna Shavers Donna.Shavers@Albertsons.com<br>Email Notification, Donna Simms Donna.simms@albertsons.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | The Corporation Trust Company of Nevada<br>311 South Division Street<br>Carson City, NV 89703<br>314-863-5545 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## DISTRICT COURT

## CLARK COUNTY, NEVADA

DONNA HOLMSTROM,                          )
                                          )
                Plaintiff,                )
                                          )
vs.                                       )      Case No.:   A-14-706233-C
                                          )      Dept. No.:  VIII
ALBERTSON'S LLC, a foreign limited        )
liability company; NEW ALBERTSON'S, INC., )
a foreign corporation; ALBERTSON'S        )
HOLDINGS, LLC, a foreign limited liability )     **SUMMONS**
Company; and DOES I-X; and ROE            )      **ALBERTSON'S, LLC**
CORPORATIONS I-XX, inclusive,             )
                                          )
                Defendants.               )
_____ )

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING
HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT.** A Civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the
Complaint.

### ALBERTSON'S, LLC.

1.      If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the date of
service, you must do the following:

    a.      File with the Clerk of this Court, whose address is shown below, a formal written response to the
            Complaint in accordance with the rules of the Court.
    b.      Serve a copy of your response upon the attorney whose name and address is shown below.

2.      Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may
enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property
or other relief requested in the Complaint.

3.      If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
response may be filed on time.

Issued at the direction of:

HENNESS & HAIGHT

By: _____
    DAVID J. MARTIN, ESQ.
    Nevada Bar No. 9117
    8972 Spanish Ridge Avenue
    Las Vegas, NV 89148
    Attorneys for Plaintiff

CLERK OF COURT                    AUG 2 9 2014

By: _____
    PAMELA PULLAN
    Deputy Clerk
    County Courthouse
    200 Lewis Avenue
    Las Vegas, NV 89101

EXHIBIT   C

Electronically Filed
09/18/2014 01:33:55 PM

1   **ANS**
Jack P. Burden, Esq.
2   Nevada State Bar No. 6918
**BACKUS, CARRANZA & BURDEN**
3   3050 South Durango Drive
Las Vegas, NV 89117
4   (702) 872-5555
(702) 872-5545
5   jburden@backuslaw.com

6   Attorneys for Defendant,
*Albertson's LLC*

7

8                          **DISTRICT COURT**

                      **CLARK COUNTY, NEVADA**
9

10   DONNA HOLMSTROM,                        )
                                            )   **Case No.      A-14-706233-C**
11              Plaintiff,                    )
                                            )   **Dept.   VIII**
12      vs.                                  )
                                            )   **ALBERTSON'S LLC'S ANSWER TO**
13   ALBERTSON'S LLC, a foreign limited liability )   **PLAINTIFF'S COMPLAINT**
     company; NEW ALBERTSON'S, INC., a foreign )
14   corporation; ALBERTSON'S HOLDINGS, LLC, )
     a foreign limited liability company; and DOES I- )
15   X; and ROE CORPORATIONS I-XX, inclusive, )
                                            )
16              Defendants.                   )
     _____ )

17          Defendant, ALBERTSON'S LLC ("Albertson's") by and through its counsel, Jack P.

18   Burden, Esq., of BACKUS, CARRANZA & BURDEN, hereby files its Answer to Plaintiff

19   DONNA HOLMSTROM's Complaint on file herein, admitting, denying and alleging as follows:

20          1.      Defendant denies each of the allegations contained within the Complaint unless

21   admitted to or more specifically plead to below.

22          2.      In answering paragraphs 1, 5 and 6 of Plaintiff's Complaint, this answering

23   Defendant states that it is without sufficient knowledge or information necessary to form a belief

24   as to the truth or falsity of the allegations contained therein, and upon said grounds denies the

25   same.

                                            1

1        3.    In answering paragraph 2 of Plaintiff's Complaint, this answering Defendant

2  admits that it is a Delaware limited liability company and duly licensed and doing business in

3  Clark County, Nevada.

4        4.    In answering paragraphs 3 and 4 of Plaintiff's Complaint, this answering Defendant

5  states that the allegations contained in said paragraphs are not directed towards this answering

6  defendant and as such, this answering Defendant makes no answer thereto.

7        5.    In answering paragraph 7 of Plaintiff's Complaint, this answering Defendant

8  admits that Plaintiff was on the subject premises; Defendant however denies the remainder of the

9  allegations therein.

10        6.    This answering Defendant denies paragraphs 8, 9, 10, 11, 12, 13, 14 and 15.

11

12               **AFFIRMATIVE DEFENSES**

13                **FIRST AFFIRMATIVE DEFENSE**

14       This answering Defendant alleges that Plaintiff has failed to state a claim upon which relief

15  maybe granted.

16              **SECOND AFFIRMATIVE DEFENSE**

17       This answering Defendant alleges that the premises were in a reasonably safe condition for

18  use by patrons.

19

20               **THIRD AFFIRMATIVE DEFENSE**

21       This answering Defendant alleges that it has acted at all times in good faith under the

22  alleged loss.

23              **FOURTH AFFIRMATIVE DEFENSE**

24       This answering Defendant alleges that Plaintiff has failed to name a party necessary for full

25

1   and adequate relief essential in this action.

2   <center>**FIFTH AFFIRMATIVE DEFENSE**</center>

3
    This answering Defendant's actions or lack of actions did not proximately cause the
4   damages alleged by Plaintiff.

5   <center>**SIXTH AFFIRMATIVE DEFENSE**</center>
6

7       The damages to Plaintiff, if any, were proximately caused or contributed to by Plaintiff's

8   own negligence, fault or responsibility and such negligence, fault or responsibility must be

9   compared to that of this answering Defendant, if any is proven, in accordance with NRS 41.141.

10  <center>**SEVENTH AFFIRMATIVE DEFENSE**</center>

11      Plaintiff has failed to mitigate her damages.

12
    <center>**EIGHTH AFFIRMATIVE DEFENSE**</center>
13

14      This answering Defendant alleges that the damages, if any, to Plaintiff was, as alleged in

15  the Complaint, proximately caused by a new, independent and efficient intervening cause and not

16  by any alleged negligence on the part of this answering Defendant.

17  <center>**NINTH AFFIRMATIVE DEFENSE**</center>

18      This answering Defendant alleges that the damages, if any, incurred by Plaintiff were not

19  new but were pre-existing injuries and any injuries, if any, are an exacerbation of a pre-existing

20  condition.

21  <center>**TENTH AFFIRMATIVE DEFENSE**</center>
22
        Any and all damages allegedly incurred by Plaintiff were proximately caused by third
23
    persons over whom Defendant has no authority or control.
24

25
<center>3</center>

1

### ELEVENTH AFFIRMATIVE DEFENSE

2    Plaintiff is barred from recovering any special damages herein for failure to specifically

3    allege the items of special damage claimed, pursuant to Nevada Rule of Civil Procedure 9(g).

4

### TWELFTH AFFIRMATIVE DEFENSE

5

6    This answering Defendant hereby incorporates by reference those affirmative defenses

     enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth herein.  In the

7
     event further investigation or discovery reveals the applicability of any such defenses, this

8
     answering Defendant reserves the right to seek leave of court to amend this Answer to the

9
     Complaint to specifically assert any such defense.  Such defenses are herein incorporated by

10
     reference for the specific purpose of not waiving any such defenses.

11

### THIRTEENTH AFFIRMATIVE DEFENSE

12

13    Pursuant to Rule 11 of the Nevada Rules of Civil Procedure, all possible affirmative

      defenses may not have been alleged herein insofar as sufficient facts were not available after

14
      reasonable inquiry upon filing of this Answer to the Complaint, and therefore this answering

15
      Defendant reserves its right to amend this Answer to the Complaint as additional information

16
      becomes available.

17

18    . . .

19    . . .

20    . . .

21    . . .

22    . . .

23    . . .

24    . . .

25    . . .

4

1

WHEREFORE, ALBERTSON'S LLC prays for Judgment as follows:

2

1.    That Plaintiff takes nothing by virtue of this action and that same be dismissed with

3

prejudice;

4

2.    That Plaintiff's claim for punitive damages be dismissed;

5

3.    For attorneys' fees and costs incurred herein; and

6

4.    For such other and further relief as the Court may deems fit and proper.

7

8

DATED this _18_ day of _September_, 2014.

9

10                                                  Respectfully Submitted,
                                                    BACKUS, CARRANZA & BURDEN

11                                    By: _____
                                                    Jack P. Burden, Esq.
12                                                  3050 South Durango Drive
                                                    Las Vegas, NV 89117
13                                                  Attorneys for Defendant *Albertson's LLC*

14

15

16

17

18

19

20

21

22

23

24

25

5

1

## CERTIFICATE OF SERVICE

2
  I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las

3 Vegas, Nevada, 89117.

4
  On ___*September 18*___, 2014, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated

5 next to the name of the served individual or entity by a checked box:

6
  **VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am

7 "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of

8 business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

9 mailing an affidavit.

10
  **VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

11
  **BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on

12 behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the

13 document and is attached.

14
  **BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has

15 filed a written consent for such manner of service.

16
  **BY ELECTRONIC MEANS:** by electronically filing and serving with the court's vendor.

17

18 | David J. Martin, Esq. | Plaintiff | |
|---|---|---|
19 | HENNESS & HAIGHT | | ☐ Personal service |
| 8972 Spanish Ridge Avenue | | ☐ Email service |
20 | Las Vegas, NV 89148 | | ☐ Fax service |
| Tel: 702/862-8200 | | ☐ Mail service |
| Fax: 702/862-8204 | | ☒ Electronic Means |
21 | david@hennessandhaight.com | | |

22
  I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of

23 this court at whose direction the service was made.

24
  _____

An employee of BACKUS, CARRANZA & BURDEN

25

6

# EXHIBIT  D

Michael D. Haight, Esq.
Mark G. Henness, Esq.
M. Eric Abildjent, Esq.
David J. Merton, Esq.
Jay, T. Willoughby, Esq.
Stephen M. Shelton, Esq.
Shaun K. Maarta, Esq.
Derek K. Maarta, Esq.
Bryan H. Blackwell, Esq.



# HENNESS & HAIGHT

INJURY ATTORNEYS

8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone (702) 862-8500
Facsimile (702) 862-8204
mail: henness@lasvegas.com

January 16, 2014

Eileen Dillow
Sedgwick CMS
P.O. Box 14012
Lexington, KY 40512

| | |
|---|---|
| **Claim No:** | **GL12NV007218-001** |
| **Your Insured:** | **Albertson's** |
| **Date of Loss:** | **September 8, 2012** |
| **Our Client:** | **Donna Holmstrom** |

Dear Ms. Dillow:

As you are aware, this office represents the interests of DONNA HOLMSTROM in reference to her entitlement to damages arising from an incident caused by your insured's negligence that occurred on September 8, 2012, at Albertson's in Las Vegas, Nevada. Mrs. Holmstrom suffered significant injuries and she required extensive medical care for her recovery. At this time, Mrs. Holmstrom's condition has stabilized and any additional treatment will be on a symptomatic, as-needed basis. Thus, enclosed for your review are the following information and documents in support of Mrs. Holmstrom's claim for harms and losses:

DOB:          8/12/1957
Gender:       Female

Medical Specials:          $42,569.10

## Liability:

On the date in question, Mrs. Holmstrom was grocery shopping at Albertson's. She was walking in the frozen food section when she slipped on mashed banana pieces that were left on the ground. Mrs. Holmstrom fell hard to the ground and landed on her knees. There was no warning sign in the area to prevent customers from walking in that very dangerous area. The Albertson's employees should have taken adequate measures to prevent, eliminate, or warn of the hazardous nature of the spill on the floor. This failure to warn combined with the creation of the hazardous condition was the proximate cause of Mrs. Holmstrom's injuries. As such, Albertson's is legally responsible to my client for the full extent of her injuries and damages following the fall.

Sedgwick CMS
Attn: Eileen Dillow
Re: Donna Holmstrom
Page 2

Mrs. Holmstrom sustained significant injuries, as a direct result of your insured's negligence. As a result of her injuries, Mrs. Holmstrom underwent a series of examinations and treatments, which will be summarized below.

Date of First Treatment: September 12, 2012

### Injuries:

### Knee and Shoulder Institute:
Right knee pain; Right knee internal derangement; Derangement of the anterior horn of the right medial meniscus; Traumatic arthropathy of the right knee

**ICD9 Injury Codes:**    719.46; 717.9; 717.1; 716.16
**CPT Treatment Codes:**  99203; 73562; 73721; 99213; G8553; 29879; 29881; 1.1832; 97001; 97110; 97014; 97530; 99024

| | |
|---|---|
| Injury Type: | Knee derangement and traumatic arthropathy |
| Duration: | 5 months |
| Prognosis: | Complaints/treatment recommended |
| Physician: | Knee and Shoulder Institute |
| Last Date Noted: | 2/7/2013 |

### Treatments:

| | | |
|---|---|---|
| Therapeutic Exercise | Physician: Knee and Shoulder Institute | Last Chart Date: 2/7/2013 |
| Electrical Stimulation | Physician: Knee and Shoulder Institute | Last Chart Date: 2/7/2013 |
| Therapeutic Activities | Physician: Knee and Shoulder Institute | Last Chart Date: 2/7/2013 |

### Other Treatment Interventions:

1. Arthoplasty with drilling of the patella and lateral tibial plateau (Dr. Thomas, 10/18/2012).

| Testings: | Physician: | Last Date Noted: | Test Result: |
|---|---|---|---|
| X-Ray | Dr. Thomas | 9/12/2012 | Positive |
| MRI-Right knee | Dr. Thomas | 9/18/2012 | Negative |

Sedgwick CMS
Attn: Eileen Dillow
Re: Donna Holmstrom
Page 3

## Treatment Summary:

As a result of the incident, Mrs. Holmstrom immediately began to notice throbbing, aching pain and swelling in her knees and ankles. Over the next few days, Mrs. Holmstrom attempted to manage her pain and inflammation through restricted mobility and the use of over-the-counter pain medication. Unfortunately, her pain persisted and forced her to seek medical care with Steven C. Thomas, M.D. of the knee and shoulder institute.

During her initial examination with Dr. Thomas on September 12, 2012, Mrs. Holmstrom reported bilateral knee and ankle pain as her primary symptoms. She noted that her right knee pain was most severe. Mrs. Holmstrom characterized her pain as aching, sharp, stabbing, and burning with associated swelling and stiffness. She noted sensitivity to touch and increased pain with walking, extending, and prolonged standing. Her physical examination revealed joint effusion, medial joint line tenderness, and swelling over her right knee. In an attempt to rule out any fracture or abnormality, an x-ray of her right knee was obtained. The study showed "decreased medial joint space." After completing a series of examinations with Dr. Thomas, Mrs. Holmstrom was ultimately diagnosed with collision-related **"right knee pain."** Given the nature and extent of her symptoms, Dr. Thomas advised Mrs. Holmstrom to undergo an MRI of her right knee.

Upon Dr. Thomas' recommendation, Mrs. Holmstrom returned to the Knee and Shoulder Institute on September 18, 2012, for an MRI of her right knee. Thankfully, the results were negative

On September 19, 2012, Mrs. Holmstrom returned to Dr. Thomas for a follow-up examination, during which she continued to demonstrate significant right knee pain and swelling. Her physical examination revealed joint effusion, medial joint line tenderness, and swelling over her right knee. Dr. Thomas reviewed her MRI results; however, he believed that Mrs. Holmstrom was suffering from a cartilage injury due to her continuous pain. Considering her symptomology, Dr. Thomas recommended that Mrs. Holmstrom undergo a right knee arthroscopy with debridement.

Mrs. Holmstrom underwent a preoperative history and physical examination with Dr. Thomas on October 1, 2012. Dr. Thomas reviewed Mrs. Holmstrom's options and alternatives to surgical intervention. The risks and benefits were explained. Mrs. Holmstrom was given a prescription for Lortab in an effort to relieve her pain. She was provided with a knee brace for support and stabilization following the surgery, and she was referred in-house for postoperative physical therapy.

Sedgwick CMS
Attn: Eileen Dillow
Re: Donna Holmstrom
Page 4

As planned, on October 18, 2012, Mrs. Holmstrom presented to the Surgical Arts Center where she underwent the following procedures:

2. **Arthoplasty with drilling of the patella; and**
3. **Arthoplasty with drilling of the lateral tibial plateau.**

Mrs. Holmstrom was placed supine on the operative table. Satisfactory anesthesia was obtained. The non-operative leg was Ace wrapped and padded. A tourniquet was placed high on the operative thigh and the operative leg was placed in a leg holder. Antibiotics were given intravenously prior to the start of the case. A sterile prep and drape was performed. Care was taken to avoid prep solution gaining access underneath the tourniquet. Esmarch exsanguination was accomplished and the tourniquet was inflated to 350 mmHg. The assistant surgeon was necessary for the procedure, both for holding the knee in proper position during the arthroscopy, as well as for manipulating the instruments when Dr. Thomas had both hands occupied.

A portal was created anteriorly using a scalpel blade with care taken to avoid injury to the structures deep to the subcutaneous layer. A second portal was established superiorly, again with care taken to avoid injury to any deep structures. A comprehensive arthroscopic examination of the knee was then performed.

Dr. Thomas started in the suprapatellar pouch and then rotated down the lateral gutter to the area of the popliteal hiatus. In the suprapatellar pouch, Dr. Thomas noted specifically the cartilage and synovial tissue, observing for loose bodies, as well as any other abnormalities. Dr. Thomas then observed the patellofemoral joint, including the medial and lateral patellar facets. The central ridge, the entirety of the femoral trochlea, and the femoral condyles were also observed at this time.

The medial gutter was explored. Next, the medial compartment was gently opened using a valgus stress. Under direct vision, an anteromedial portal was created. Care was taken to avoid injury to the meniscus or the formal condyle. The meniscus and the cartilaginous surfaces were explored by palpation and by direct visualization. Dr. Thomas started anteriorly and worked posteriorly, utilizing gentle valgus stress and external rotation as needed. A nerve hook or probe was used for palpation and exploration. The anterior aspect of the meniscus area was palpated and probed, followed by the mid body area of the medial meniscus, and the posterior horn area of the meniscal tissue, centrally and peripherally. The compartment was viewed from multiple angles, using both portals to do so. As needed, the arthroscope and the probe were changed from the lateral portal to the medial portal respectively. The medial compartment was then examined.

Sedgwick CMS
Attn: Eileen Dillow
Re: Donna Holmstrom
Page 5

**A tear of the superior surface of the anterior horn of the medial meniscus** was identified and debrided using the shaver. The remaining portion of the meniscus and cartilaginous surfaces were intact. The knee was then placed in a slightly flexed position and the femoral notch area was observed and explored. The cruciate ligaments were examined by both direct visualization, palpation, and by Lachman testing. The area posterior to the fat pad, along with the fat pad area were noted, observed, and palpated. The ACL and PCL were intact.

The knee was then placed into a gentle figure-of-four position and the lateral compartment was observed and explored. The meniscus and cartilaginous surfaces were explored by direct visualization and by palpation. The anterior horn area, mid body area, peripheral and central aspects, and posterior horn area of the lateral meniscus were observed. Dr. Thomas also observed the tibial and femoral cartilage surfaces for their thickness and smoothness. Where needed, the surface was palpated. There was a **grade 2 cartilage lesion 2 x 6 mm on the medial aspect of the lateral tibial plateau.** Using a Stedman awl, channels were placed every 2-3 mm exposing subchondral bone. Concluding this, Dr. Thomas returned to the patellofemoral compartment.

The cartilaginous surface of the femur, the femoral cochylea, condylar surfaces, patellar surface, and synovial tissue were visualized and observed. **Grade 2 changes on the undersurface of the patella were noted.** The assistant surgeon held the knee in the scope in proper position while Dr. Thomas, using a Stedman awl, created channels every 2-3 mm exposing subchondral bone. Smoothing was then encompassed using the shaver.

Having completed the arthroscopy, the knee was copiously irrigated. The fluid was then removed from the knee and the portals were closed using Mastisol and Steri-Strips. A solution of 30 cc of 0.25% Marcaine with Epinephrine was injected into the knee. The tourniquet was removed. Betadine gauze and sterile dressings were then placed, followed by cast padding and an Ace wrap from toes to thigh. A knee immobilizer was then placed for support and stabilization. Mrs. Holmstrom tolerated the procedure well and without complication.

On October 22, 2012, Mrs. Holmstrom underwent her initial examination with Russell Bouldin, PT, during which she reported right knee pain, stiffness, and swelling as her primary symptoms. She noted an increase in her symptoms with walking, standing, and lower extremity movements. Her physical examination revealed stiffness, pain, and weakness in her right knee with a moderate loss of mobility. Mrs. Holmstrom demonstrated overall decreased strength, functional ability, and range of motion, due to pain. After completing a series of examinations, Mrs. Holmstrom was ultimately diagnosed with incident-related **"right knee pain."**

Sedgwick CMS
Attn: Eileen Dillow
Re: Donna Holmstrom
Page 6

Thereafter, Mrs. Holmstrom underwent a therapeutic rehabilitation treatment program, which consisted of the following modalities:

1. Therapeutic exercise;
2. Electrical stimulation; and
3. Therapeutic activities.

During her first preoperative examination with Dr. Thomas on November 26, 2012, Mrs. Holmstrom reported a significant improvement of her right knee pain following the arthroscopy; however, she continued to demonstrate ongoing residual pain and swelling. Her physical examination revealed swelling and tenderness to palpation over her right knee joint with decreased range of motion. Dr. Thomas advised Mrs. Holmstrom to continue taking her prescribed medication and to continue with her therapeutic rehabilitation treatment program

On January 28, 2013, Mrs. Holmstrom returned to Dr. Thomas for re-examination, during which she reported steady improvement of her right knee pain. Mrs. Holmstrom's job requires her to stand for several hours at a time, and she noted increased pain due to the prolonged standing. She continued to demonstrate residual pain and discomfort in her right knee joint with pain at the extremes of range of motion. Dr. Thomas advised Mrs. Holmstrom to continue with physical therapy and to continue taking her prescribed medication as-needed for symptom relief.

Over the following months, Mrs. Holmstrom continued to suffer from significant pain, stiffness, tightness, and swelling in her right knee with varying intensity and frequency. Nevertheless, she faithfully complied with her treatment regimen, performed her home exercises, and took her prescribed medication as needed. Gradually, her condition improved.

During her final examination with Russell Bouldin, PT, on February 7, 2013, Mrs. Holmstrom demonstrated increased range of motion, strength, and functional ability. Despite her improvement, Mrs. Holmstrom continued demonstrate residual pain and discomfort in her right knee, aggravated by strenuous and prolonged physical activity. Given her overall improvement, however, Mrs. Holmstrom was released from physical therapy with advice to continue her home stretching and strengthening exercise program. Mrs. Holmstrom followed this advice faithfully.

## Current Medical Expenses:

| | |
|---|---|
| Knee and Shoulder Institute | $23,401.35 |
| Surgical Arts Center | $19,149.00 |
| Walgreens Pharmacy | $ 18.75 |
| **Total Physician Expenses:** | **$42,569.10** |

Sedgwick CMS
Attn: Eileen Dillow
Re: Donna Holmstrom
Page 7

## Travel Expenses:

| From Location: | To Location: | Miles: | Cost/ Mile: | Travel Cost: |
|---|---|---|---|---|
| Client's Home | Knee & Shoulder Institute | 15 x 2 (return trip) = 30 x 19 (visits) = 570 miles | $0.585 | $333.45 |
| **Total Travel Expenses:** | | | | **$333.45** |

## Expense Summary:

| Physician Expenses: | $42,569.10 |
|---|---|
| Travel Expenses: | $ 333.45 |
| Income Loss: | To be supplemented |
| **Total Expenses:** | **$42,902.55** |

## Impairment:

It is imperative to emphasize the detrimental effect of Mrs. Holmstrom's injuries on the quality of her life during her recovery period. Due to the severity and extent of her joint pain and resultant surgery, her mobility was restricted to a great extent. Following her surgery, Mrs. Holmstrom was forced to wear a knee immobilizer for several months. As a result, ordinary activities of daily living such as household chores, dressing, grooming, and driving became difficult and aggravated her pain. She was also unable to enjoy her usual recreational activities due to her pain. It is also important to note that Mrs. Holmstrom continues to suffer from residual right knee pain with any prolonged physical activity. These issues and limitations have been understandably frustrating for my 56-year old client, who previously enjoyed a healthy and active lifestyle.

In light of the above, I expect Sedgwick CMS to make a fair and reasonable offer to Mrs. Holmstrom to encompass compensation for her incurred medical bills, her loss of income and her harms and losses resulting from this incident. I remain hopeful that this matter can be amicably resolved without the necessity of filing a lawsuit against your insured.

Sedgwick CMS
Attn: Eileen Dillow
Re: Donna Holmstrom
Page 8

Please contact me after reviewing the foregoing so we may discuss a potential resolution of my clients claim. I look forward to your company's prompt response.

Very truly yours,

HENNESS & HAIGHT

SHAUN K. MUAINA, ESQ.

SKM/sa

## Exhibit Listings:

1. Injury Photographs; and
2. Medical Records and Bills.